(109 So. 746)

**BUTLER v. CAMERON.   (7 Div. 654.)**

(Supreme Court of Alabama.   Oct. 14, 1926.)

**1. Guardian and ward ☞77.**

Where sale of ward's estate is necessary for support, guardian should make timely application therefor instead of advancing funds and thereafter seeking sale.

**2. Guardian and ward ☞77.**

Guardian will not be denied right to have property of ward sold to pay guardian for support if court would have decreed such payment in advance of liability incurred.

**3. Insane persons ☞71.**

Application to sell estate of ward non compos mentis to pay debt due guardian for support and further maintenance *held* properly denied, where there was no evidence as to value of estate.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Petition of Mattie L. Butler, guardian, for a sale of the real estate of her ward, Lizzie Cameron, non compos mentis. From the decree, petitioner appeals. Affirmed.

Frank B. Embry, of Pell City, for appellant.

Counsel discusses the questions raised, but without citing authorities.

W. A. Starnes, of Pell City, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1-3] This is an application to the circuit court of St. Claire by appellant, who is the guardian of the person and estate of Lizzie Cameron, non compos mentis, for leave to sell real estate for the payment of debts and for further maintenance of the ward. The judge of the circuit was of the opinion that the application be not granted. Upon a review of the evidence we are unable to say that the circuit court was in error. If we understand the record, the purpose of the proposed sale is to convert the entire estate of the ward into cash. What the value of the estate is, or how much it will probably bring if placed on the market, or what its future may promise, is not made to appear. One, if not the leading, purpose of the sale is to put the guardian in funds from which to pay a debt to herself some items of which date back seven or eight years. This debt the ward owes for support and maintenance. But, for aught appearing, it may consume the entire estate of the ward, and if this be a correct estimate of the situation, emphasis is thereby added to the idea that application should have been made to the court in advance for authority to sell a part of the estate in order to meet such expenses. Bellamy v. Thornton, 103 Ala. 404, 15 So. 831. However, we will not be understood as denying the right of appellant to have a sale of the property or a part of it for the payment of her debt if the court would have decreed such sale in advance of liability incurred. On the case presented by the pleading and proof we do not know enough about the ward's estate to be able to say that the circuit court, in equity, committed error in its decree. The judgment will be affirmed without prejudice to appellant's right to have a sale decreed on a proper presentation of the case. See the concluding part of the opinion in Bellamy v. Thornton, supra.

Affirmed, without prejudice.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.